# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2416

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Corey D. Lyons, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2006
Filed: June 19, 2006

_____

Before BYE and COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Corey Lyons and three accomplices robbed a Bank of America in Cape Girardeau, Missouri, in January 2004, stealing approximately $10,300. Lyons pled guilty to committing bank robbery while jeopardizing the lives of those in the bank by use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count I), and to possession of a firearm during a crime of violence, in violation of 18 U.S.C.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

§ 924(c)(1)(A)(ii) (Count II).  He appeals his 180-month sentence for Count I, and we affirm.

Lyons's total offense level under the United States Sentencing Guidelines was 20, and his extensive criminal history placed him in criminal history category VI.  The resulting advisory guideline range for Count I was 70 to 87 months' imprisonment.  The district court,[2] cognizant of its authority under *United States v. Booker*, 543 U.S. 220 (2005), to vary from the advisory guidelines, sentenced Lyons to 180 months' imprisonment on Count I.  After describing Lyons's extensive criminal history, the court stated, "I think there is a serious danger that this defendant will commit further crimes, and I think having him incarcerated for a longer time will be good[,] because he can get some further education, and perhaps some self reflection that will lead him to perhaps be rehabilitated."  (S. Tr. at 41).  The court also imposed the statutory minimum sentence of seven years' imprisonment for Count II, to be served consecutively with the sentence on Count I.

Lyons challenges the reasonableness of the sentence on Count I.  Review for reasonableness is akin to review for abuse of discretion, *United States v. Hadash*, 408 F.3d 1080, 1083 (8th Cir. 2005), and we will consider a sentence unreasonable if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case."  *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir.), *cert. denied*, 126 S. Ct. 276 (2005).  The "relevant factors" the district court must consider are those enumerated in 18 U.S.C. § 3553(a).  *United States v. May*, 413 F.3d 841, 844-45 (8th Cir.), *cert. denied*, 126 S. Ct. 672 (2005).

---

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Although the 180-month sentence imposed on Count I was substantially greater than the advisory guideline range found by the district court, we do not think it was unreasonable under the circumstances. First, there was no procedural error. The court considered the relevant § 3553(a) factors in sentencing Lyons, explaining "that a higher sentence is necessary when I consider the nature and circumstances of the offense," *see* § 3553(a)(1), "the history and characteristics of the defendant," *see id.*, "the need for punishment," *see* § 3553(a)(2)(A), "and a sentence that reflects the seriousness of the offense to provide adequate deterrence[] and to protect the public from further crimes of the defendant," *see* §§ 3553(a)(2)(B), (a)(2)(C). (S. Tr. at 41). The court was particularly concerned that the bank robbery was an especially violent crime, saying that "Mr. Lyons is frankly lucky that there was nobody inside who didn't follow their instructions or otherwise did not do something that ended up with people shooting and people being killed," (S. Tr. at 40), and that Lyons had been convicted for 19 separate offenses in 15 years. (S. Tr. at 39). The court ruled that Lyons was not a career offender under the guidelines, which it found "somewhat ironic," (S. Tr. at 37), and decided that his criminal history and the violent nature of the instant offense warranted the upward variance. These are appropriate factors to consider in deciding whether to vary from the guideline range, and the court did not neglect factors that should have been given significant weight.

We also conclude that the length of the sentence imposed was within the range of reasonableness. The most apposite precedent is *United States v. Shannon*, 414 F.3d 921 (8th Cir. 2005), which held that where a defendant accumulated 31 criminal history points, while only 13 points are necessary for placement in category VI, and the district court identified other aggravating factors in the criminal history, it was reasonable to vary from the advisory guideline range of six to twelve months and impose a sentence of 58 months' imprisonment. *Id.* at 922-24. We find a comparable situation here.

Lyons sustained 19 different criminal convictions over 15 years. The district court's summary of his criminal history is accurate and illustrative:

> Mr. Lyons is 31 years old. Over the past 15 years, he has 19 separate convictions. They include things like slamming his sister to the ground and attempting to strangle her, which was a domestic battery; hitting a police officer in the nose, which was a resisting arrest; delivery of cocaine; obstruction of justice; battery, which involved pushing a victim and grabbing him by the throat; several DWIs or DUIs; and then a large number of property crimes; stealing from retail stores, stealing very small things from retail stores like a dog collar or a six-pack of beer; and things like stealing very large things, such as stereo speakers, cassette tapes and a tape case, or stealing a leather jacket from a person.

(S. Tr. at 39).

Lyons scored 31 criminal history points under the guidelines, including four points for committing the bank robbery while on probation and within two years of his most recent release from custody. The district court aptly described his criminal history as "a series of escalating criminal acts," finally resulting in the "violent crime" for which he was sentenced in this case. As in *Shannon*, this defendant committed one offense right after another during 15 years of criminal activity, *see United States v. Washington*, 109 F.3d 459, 462 (8th Cir. 1997), committed several violations of probation or parole, (PSR ¶¶ 64, 68, 94); *see United States v. Yahnke*, 395 F.3d 823, 825-26 (8th Cir. 2005), and was treated with leniency by the state courts during his lengthy criminal career, *see United States v. Lang*, 898 F.2d 1378, 1380 (8th Cir. 1990).

These considerations could have justified a traditional upward departure under the guidelines, *see* USSG § 4A1.3(a), which would have made a sentence at or close to 180 months presumptively reasonable. *See Shannon*, 414 F.3d at 924. And even if a traditional departure of this magnitude would have been somewhat excessive, we

-4-

do not believe it was unreasonable for the district court to exercise its additional discretion under *Booker* to arrive at a sentence of 180 months. *Id.* Although we have characterized an upward variance of this magnitude as "extraordinary," and such an extraordinary variance must be supported by extraordinary circumstances, the combination of Lyons's aggravated criminal history and the violence of the instant offense are sufficiently extraordinary to justify the sentence imposed. *Cf. United States v. Kendall*, 446 F.3d 782, 784-85 (8th Cir. 2006) (holding upward variance unreasonable where defendant was "low in the chain" of methamphetamine manufacturing, and criminal history included a burglary as a juvenile, several driving offenses, and a misdemeanor drug offense).[3]

Lyons also contends that the district court's decision to vary from the advisory guideline range based on the authority announced in *Booker* violates the *Ex Post Facto* Clauses of the Constitution. These provisions do not apply to judicial decisions, so we interpret Lyons' argument to invoke the Due Process Clause of the Fifth Amendment, and the "concepts of notice, foreseeability, and in particular the right to fair warning." *Rogers v. Tennessee*, 532 U.S. 451, 456-57, 459 (2001). As

---

[3]There is a bit of irony in Lyons's challenge to the 180-month sentence, because success in the appeal could well result in a longer sentence on remand. The district court ruled that Lyons was not a career offender for purposes of USSG § 4B1.1, because his conviction for driving while intoxicated was not a "crime of violence," *see United States v. Walker*, 393 F.3d 819 (8th Cir. 2005), but since then, we have held that this offense is a crime of violence. *United States v. Spudich*, 443 F.3d 986, 987 (8th Cir. 2006) (per curiam). If the present sentence were deemed unreasonable on this record, and if the government on remand presented evidence from acceptable sources showing that Lyons's conviction for drunk driving necessarily rested on the fact that he was *driving* while intoxicated, *see United States v. McCall*, 439 F.3d 967, 974 (8th Cir. 2006) (en banc); *cf.* PSR ¶ 97, then Lyons would qualify as a career offender. His advisory guideline range would be 188-235 months' imprisonment, *see* USSG § 4B1.1(b)(B); 18 U.S.C. § 2113(d), and a sentence even longer than that imposed by the district court would be "presumptively reasonable." *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir.), *cert. denied*, 126 S. Ct. 840 (2005).

noted, there is a substantial argument that the district court could have imposed the same sentence prior to *Booker*, based on a traditional guidelines departure. *See* USSG § 4A1.3; *United States v. Paulus*, 419 F.3d 693, 698-99 (7th Cir. 2005). In any event, Lyons's due process contention is foreclosed by circuit precedent. *United States v. Counce*, 445 F.3d 1016, 1019 (8th Cir. 2006) (per curiam); *United States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006) (per curiam).

The judgment of the district court is affirmed.

_____