# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2312

_____

United States of America,          *
                                   *
                  Appellee,        *
                                   *
        v.                         *   Appeal from the United States
                                   *   District Court for the
David Jerome Tensley, Jr.,          *   Southern District of Iowa.
                                   *
                  Appellant.        *        [UNPUBLISHED]
                                   *

_____

Submitted: September 7, 2006
Filed:  September 18, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.


       After David Jerome Tensley, Jr. (Tensley) pleaded guilty to being a felon in
possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and uttering counterfeit
obligations, in violation of 18 U.S.C. §§ 472 and 2, the district court[1] imposed
concurrent sentences--above the 63-to-78-month advisory Guidelines range--of 84
months in prison and 3 years of supervised release.  His counsel has filed a brief under

_____

       [1]The Honorable Charles R. Wolle, United States District Judge for the Southern
District of Iowa.

Anders v. California, 386 U.S. 738 (1967), arguing that the district court abused its discretion by sentencing Tensley to 84 months. In a pro se supplemental brief, Tensley argues that the court abused its discretion because its sentence is not justified under 18 U.S.C. § 3553(a); he also requests new counsel.

Reviewing the sentence for reasonableness, see United States v. Booker, 543 U.S. 220 (2005), we conclude that the district court did not abuse its discretion, see United States v. Maurstad, 454 F.3d 787, 789 (8th Cir. 2006) (standard of review). The court appropriately, and explicitly, considered the unique circumstances of the felon-in-possession offense, Tensley's interactions with the criminal justice system, the need to adequately punish and rehabilitate him, and the need to deter him. See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C); United States v. Lyons, 450 F.3d 834, 835-37 (8th Cir. 2006) (upholding 93-month upward variance where court considered nature and circumstances of offense, and need for just punishment and adequate deterrence).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we deny Tensley's request for new counsel.

_____