BYE, Circuit Judge,
dissenting.
I would vacate Mireles’s sentence and remand to the district court for resentencing because the district court committed reversible error by not following the correct departure procedure and imposing an extreme upward departure of eighteen months’ imprisonment from the Guidelines range of zero to six months. I therefore respectfully dissent.
Generally, we review a district court’s decision to depart upward for an abuse of discretion, and we review the extent of the departure for reasonableness. United States v. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir.2009). In this ease, Mireles concedes she did not object to the district court’s upward departure, and therefore our review is for plain error. United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir.2009). To establish plain error, Mireles must prove (1) there was error, (2) the error was plain, and (3) the error affected her substantial rights. United States v. Molnar, 590 F.3d 912, 915 (8th Cir.2010). An error affects a substantial right if it is prejudicial, or in other words, if Mireles proves a reasonable probability that she would have received a lighter sentence but for the error. Id.
In this case, there is no dispute the district court committed plain error by failing to follow the three-step sentencing process contemplated by United States v. Haack, 403 F.3d 997, 1002-1003 (8th Cir.2005), when it failed to consider a traditional Guidelines departure before it imposed a sentence outside of the Guidelines range of zero to six months. See United States v. Maurstad, 454 F.3d 787, 790 (8th Cir.2006) (concluding the failure to explicitly consider a departure under the Guidelines represented clear error); United States v. Zeigler, 463 F.3d 814, 818 (8th Cir.2006); United States v. Sitting Bear, 436 F.3d 929, 935 (8th Cir.2006). See also United States v. Lovelace, 565 F.3d 1080, 1092 (8th Cir.2009) (“ ‘Plain’ is synonymous with ‘clear’ or, equivalently, ‘obvious.’ A plain error is one that is clear or obvious under current law.”) (citation omitted). Rather, the majority holds Mireles is unable to demonstrate prejudice because she cannot show a reasonable probability that she would have received a lighter sentence but for the error.
In reaching its conclusion, the majority analogizes to Maurstad and Zeigler, two eases in which this court noted it was unclear whether the district court imposed an upward departure or an upward variance. Maurstad, 454 F.3d at 790; Zeigler, 463 F.3d at 818. We concluded this error *1016 was harmless in each case because the considerations made by the district court in imposing its sentence could have also justified a traditional upward departure under the Guidelines. Maurstad, 454 F.3d at 790, Zeigler, 463 F.3d at 818.
Unlike Maurstad and Zeigler, I do not believe the extreme upward departure imposed sua sponte by the district court here would have been justified under the proper departure procedure. An examination of the proper procedure, as discussed below, demonstrates why Míreles is able to demonstrate prejudice and distinguish her case from Maurstad and Zeigler.
As the majority notes, to determine the extent of a departure under § 4A1.3(a)(1), the district court “first must proceed along the criminal history axis of the sentencing matrix, comparing the defendant’s criminal history with the criminal histories of other offenders in each higher category.”[5] Walking Eagle, 553 F.3d at 657 (citation omitted). If the district court reaches Category VI, the highest criminal history category, and it wishes to depart further, it should then move incrementally down the sentencing table to the next higher offense level until it finds the appropriate Guidelines range. Ruvalcava-Perez, 561 F.3d at 887 (citing § 4A1.3(a)(4)(B)). While it is clear the district court need not engage in a “ritualistic exercise ... mechanically discussing] each criminal history category it rejects en route to the category that it selects,” the court “must provide sufficient indicia of why the intermediary categories are inappropriate.” United States v. Azure, 536 F.3d 922, 931-32 (8th Cir.2008). Cf. Walking Eagle, 553 F.3d at 658 (holding a district court’s failure to specifically mention each intermediate criminal history category was not dispositive where its findings were adequate to explain the departure).
In this case, the district court was clearly concerned with Mireles’s unscored criminal history, which consisted of a possession with intent to distribute marijuana conviction in 1977 and a conspiracy to possess with intent to distribute marijuana conviction in 1984. Even if these offenses were taken into account, however, Mireles’s criminal history score would have added up to eight points instead of four points, moving her from Category III to Category IV. See United States v. Gonzalez, 573 F.3d 600, 606 (8th Cir.2009) (noting the district court’s consideration of the defendant’s unscored convictions was reasonable). While I certainly do not suggest district courts are limited to only including points from unscored convictions in departing upward, I believe this scenario helps demonstrate the extreme departure imposed by the district court because, despite the increase in criminal history points, Mireles’s Guidelines range would be nowhere near the eighteen month sentence imposed by the district court; instead, it would have remained at zero to six months. By contrast, the defendant in Maurstad had fifteen more criminal history points than necessary to reach Category VI, leading the district court in that case to justifiably conclude the Guidelines substantially underrepresented the defendant’s criminal history. 454 F.3d at 789.
*1017 In order to find the axis including an eighteen month sentence, the district court would have had to proceed two more categories over to the highest criminal history-category (after already including the unscored convictions), and then it would have had to increase the offense level by four, staying in the highest criminal history category. In other words, the upward departure consisted of a seven-level increase, which tripled the high end of Mireles’s Guidelines range. This significant increase was done after the government did not object to a sentence of probation. Clearly, such a departure is substantial, requiring a more significant justification from the district court in support. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir.2009) (“[A] major departure should be supported by a more significant justification than a minor one.’”); Azure, 536 F.3d at 932 (“Failing to adequately explain an upward departure is a significant procedural error.”); United States v. Wiley, 509 F.3d 474, 478 (8th Cir.2007) (concluding a six-level variance adopted by the district court was substantial, requiring a proportionately compelling justification).
In light of the improper departure procedure, I do not believe the district court’s findings were sufficient to support the massive increase in Mireles’s sentence, particularly considering her two unscored offenses are twenty-six and thirty-three years old, respectively. Cf. United States v. Jones, 596 F.3d 881, 883 (8th Cir.2010) (concluding the district court did not err in imposing a two-level departure for a defendant who amassed nineteen criminal history points in just ten years, including many aggressive and violent felonies).
To be sure, Míreles does not contend an upward departure under § 4A1.3(a)(1) would be completely unfounded; rather, she asserts it is unlikely such a grave departure based on her criminal history is legitimate, leading to the conclusion she would have received a more favorable sentence under the traditional departure procedure detailed above. I agree. We have continually reinforced that a “reasonable probability” does not mean certainty, nor does it even equate to proof by a preponderance of the evidence. United States v. Bain, 586 F.3d 634, 640 (8th Cir.2009); United States v. Burns, 432 F.3d 856, 865 (8th Cir.2005); United States v. Jimenez-Gutierrez, 425 F.3d 1123, 1126 (8th Cir.2005). “In light of the entire record, the reviewing court must be satisfied that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding.” Bain, 586 F.3d at 640 (internal quotation marks and citation omitted). I believe the record and our precedent leaves open a reasonable probability of a different outcome had the district court conducted the proper departure procedure. Thus, I would remand for the district court to engage in the three-step sentencing process that we have continued to urge district courts to utilize in order to ensure meaningful appellate review. United States v. Washington, 515 F.3d 861, 865-66 (8th Cir.2008).

. I note the district court did not explicitly refer to any Guidelines departure provisions, such as U.S.S.G. § 4A1.3(a)(1), which provides for an upward departure if "the defendant’s criminal history category substantially under-represents the seriousness of the defendant’s criminal history or the likelihood that the defendant will commit other crimes.” Ruvalcava-Perez, 561 F.3d at 886. This court has previously determined a district court’s failure to explain the relative weight of factors it relies upon in departing upward and failing to cite a Guidelines enhancement as a basis for departure may constitute reversible procedural error. United States v. Kemp, 530 F.3d 719, 723 (8th Cir.2008).