# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3055

_____

United States of America

*Plaintiff - Appellee*

v.

Anselmo Salazar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: June 5, 2017
Filed: June 8, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, RILEY, Circuit Judges.

_____

PER CURIAM.

A jury found Anselmo Salazar guilty of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and conspiracy

to commit money laundering, in violation of 18 U.S.C. § 1956; and the district court[1] entered judgment sentencing him to a total of 300 months in prison and five years of supervised release. On appeal, Salazar's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the admission of certain evidence, and the Guidelines calculations underlying the sentence. In a pro se brief, Salazar mainly challenges the sufficiency of the evidence based on the lack of credibility of the cooperating witnesses.

The evidence at trial showed that between 2009 and October 2011, Salazar and a coconspirator regularly supplied 50-pound quantities of marijuana and half-pound or pound quantities of methamphetamine, as well as small amounts of cocaine, to persons in St. Joseph, Missouri, including another coconspirator; and Salazar and his co-supplier received payments which they used to purchase more drugs for future transactions. The testimony of the coconspirators, whose credibility was for the jury, was corroborated by the testimony of law enforcement officials and was sufficient to show that one or more persons reached an agreement to distribute methamphetamine and launder money. See United States v. Pendleton, 832 F.3d 934, 947-48 (8th Cir. 2016) (conspiracy to commit money laundering); United States v. Aguilar-Portillo, 334 F.3d 744, 747-48 (8th Cir. 2003) (conspiracy to distribute methamphetamine). In addition, we find no abuse of discretion with regard to any of the district court's evidentiary rulings. See United States v. Clark, 668 F.3d 568, 574-75 (8th Cir. 2012) (admission of Rule 404(b) evidence); United States v. Watson, 650 F.3d 1084, 1088 (8th Cir. 2011) (review of Confrontation Clause objections).

As for the Salazar's sentence, the district court's drug-quantity determination was supported by the trial evidence and was not clearly erroneous, see United States v. Yellow Horse, 774 F.3d 493, 496 (8th Cir. 2014), and there is no indication in the

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

record that the sentence imposed by the district court was unreasonable, see United States v. Harlan, 815 F.3d 1100, 1107 (8th Cir. 2016); United States v. Zeigler, 463 F.3d 814 (8th Cir. 2006).

To the extent that Salazar or his counsel raised an ineffective-assistance claim in this direct appeal, such matters are best left for proceedings under 28 U.S.C. § 2255.  See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005). Finally, after conducting an independent review under Penson v. Ohio, 488 U.S. 75 (1988), including consideration of the issues summarily mentioned in Salazar's pro se brief, we have found no nonfrivolous issue for review.  The judgment is affirmed, and counsel's motion to withdraw is granted.

_____