_____

No. 96-2475
_____

United States of America,        *
                                  *
      Appellee,                   *
                                  *   Appeal from the United States
      v.                          *   District Court for the
                                  *   Western District of Missouri.
Terry A. Collins,                 *
                                  *
      Appellant.                  *

_____

                  Submitted:    December 10, 1996

                  Filed:    January 9, 1997
_____

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


     Terry A. Collins pled guilty to one count of interstate
transportation of stolen property in violation of 18 U.S.C. §
2314 and was sentenced by the district court[1] to 24 months.
Collins argues on appeal that his sentence was improperly
enhanced and that the court erred in departing upward.  We
affirm.


     From September to December of 1993, Collins broke into and
stole items from numerous locked storage units located in
Arkansas, Oklahoma, Texas, Kansas and Missouri.  When interviewed
while in custody by authorities in Bixby, Oklahoma, Collins
identified Truman Burgess as his partner in his criminal
activity.  Burgess was the owner of Truman's Auction in
Tallequah, Oklahoma.  Collins and Burgess would travel to an

_____

     [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri, presiding.

area, commit several burglaries, load the stolen goods into a stock trailer, and return to Truman's Auction in Oklahoma. Burgess would then sell the items through the auction house and split the proceeds with Collins. These burglaries resulted in the present federal charges and five other felony convictions in the states of Texas and Arkansas. There is evidence that Collins also participated in approximately 16 other burglaries for which state or federal charges were never brought.

At sentencing, the district court considered Collins' state convictions as relevant conduct under U.S.S.G. § 1B1.3, rather than using them to calculate his criminal history. He thus received zero criminal history points, but the value of his thefts was higher which raised his offense level one point. The district court also imposed a four level enhancement under U.S.S.G. § 2B1.1(b)(4)(B) because Collins was "in the business" of receiving and selling stolen goods. Finally, the district court departed upward under U.S.S.G. § 4A1.3 because Collins' criminal history category did not adequately represent the seriousness of his past criminal conduct.

The parties disagree as to the appropriateness of the enhancement and the upward departure. Collins argues his offense level should not have been raised four points under U.S.S.G § 2B1.1(b)(4)(B) because he was not in the business of receiving and transporting stolen goods. Collins also claims that the upward departure was wrong because it essentially double counted his state convictions. The United States counters that there is sufficient evidence to support the four level increase and that the district court's decision to depart upward was within its discretion.

Several standards of review have been developed for

2

reviewing a sentence under the guidelines.  The correct
application of the guidelines is a question of law subject to de

novo review.  United States v. Werlinger, 894 F.2d 1015, 1016 (8th Cir. 1990).  A factual determination of the sentencing court is reviewed under a clearly erroneous standard.  See United States v. Phillippi, 911 F.2d 149, 152 (8th Cir. 1990).  A decision to depart from the guidelines will be reviewed for an abuse of discretion.  See Koons v. United States, 116 S.Ct. 2035, 2047 (1996).

There is sufficient support in the record for the district court's decision to impose the four level increase under U.S.S.G. § 2B1.1(b)(4)(B).  Truman's Auction in Tallequah Oklahoma was a business which received and sold stolen goods.  Collins was an integral part of the scheme by which the auction house received and sold stolen goods.  Since he split the proceeds of sales at Truman's Auction house after the sales occurred, Collins was part of a business which received and sold stolen goods.  Collins was thus in the business of receiving and selling stolen goods within the meaning of U.S.S.G. § 2B1.1(b)(4)(B).[2]

The district court's decision to depart from the guidelines was not an abuse of discretion.  There was ample evidence that

---

[2]Under the circumstances it is not necessary to choose between the "fence" test and the "totality of the circumstances" test developed in other circuits for interpreting § 2B1.1(b)(4)(B). The "fence" test requires proof that the defendant was a person who buys and sells stolen property, and thereby encourages others to commit property crimes.  See United States v. Warshawsky, 20 F.3d 204, 214 (6th Cir. 1994); United States v. Esquivel, 919 F.2d 957, 959 (5th Cir. 1990); United States v. Braslawsky, 913 F.2d 466, 468 (7th Cir. 1990).  The "totality of the circumstances" test requires examination of all the facts to assess the "regularity and sophistication of a defendant's operation."  United States v. Zuniga, 66 F.3d 225, 228 (9th Cir. 1995 (citation omitted); see also, United States v. King, 21 F.3d 1302, 1306 (3d Cir. 1994); United States v. St. Cyr, 977 F.2d 698, 703 (1st Cir. 1992).

4

Collins' criminal history category did not reflect the
seriousness of his criminal activity.  There is evidence that

Collins participated in approximately 16 burglaries for which neither federal nor state charges were ever brought.  Uncharged conduct can properly be considered when departing under U.S.S.G. § 4A1.3.  See United States v. Harris, 70 F.3d 1001, 1003 (8th Cir. 1995).  These 16 instances of uncharged conduct were not considered in calculating his offense level, and there was an appropriate basis for departure.  The district court's decision to depart upward was not an abuse of discretion.

Collins also complains that the district court jumped over several categories in departing upward.  The district court departed from the guidelines by treating Collins' criminal history category as category IV instead of I.  It concluded that Collins "stole property from storage units in at least five states over a lengthy period of time" and that a criminal history category of I was "not appropriate relative to the amount of burglaries [he committed]."  This court has indicated that a court should proceed step by step in deciding on the degree of departure:

> To impose an upward departure under § 4A1.3, the sentencing court first must proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category. . . .  Though our prior cases do not make compliance with § 4A1.3 a 'ritualistic exercise,' the record must reflect that this Guideline has been properly applied.

United States v. LeCompte, 99 F.3d 274, 280 (8th Cir. 1996) (citations omitted).  Although the district court did not specifically mention that it had considered each intermediate criminal history category, its findings were adequate to explain and support the departure in this particular case.

6

For these reasons we affirm the sentence of the district court.

A true copy.

Attest:

     CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.