# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3413

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Armando Hernandez-Ramos, also | * | |
| known as Armando Lopez-Gonzalez, | * | [UNPUBLISHED] |
| also known as Fernando Hernandez- | * | |
| Lopez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: July 5, 2000
Filed: July 12, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Armando Hernandez-Ramos pleaded guilty to illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326(a). The district court[1] departed upward from a Category III to a Category VI criminal history, and imposed a sentence of eighteen months imprisonment and one year supervised release. On appeal,

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Hernandez-Ramos argues that the court abused its discretion by departing upward, and erred by failing to compare him to defendants at Categories IV and V before selecting Category VI.

We find no abuse of discretion. See United States v. Herr, 202 F.3d 1014, 1016 (8th Cir. 2000) (standard of review). As the district court noted, the convictions that were counted in Hernandez-Ramos's criminal history score were committed within a span of less than two-and-a-half years, showing a propensity for recidivism; dismissed juvenile charges for possession of cocaine with intent to deliver and distribution of cocaine, which were not counted in Hernandez-Ramos's criminal history, were nonetheless serious offenses; and Hernandez-Ramos had twice illegally re-entered the United States after deportation, but had been prosecuted only the second time, avoiding punishment for the first offense.

While the district court was required to compare Hernandez-Ramos's criminal history with the criminal histories of offenders in Categories IV and V, we uphold the upward departure to Category VI because the court's findings adequately explain and support the departure, although it failed to specifically mention considering each intermediate criminal history category. See United States v. Collins, 104 F.3d 143, 145 (8th Cir. 1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.