# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2450

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| John C. Walking Eagle, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 8, 2008
Filed: January 26, 2009

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

The district court[1] sentenced John C. Walking Eagle (Walking Eagle) to 96 months imprisonment and 3 years supervised release after Walking Eagle pled guilty to one count of assault with a dangerous weapon. Walking Eagle appeals his sentence, arguing the district court (1) committed procedural error by departing upward based on under-representation of Walking Eagle's criminal history without

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

giving an adequate explanation for the departure; and (2) imposed a substantively unreasonable sentence. We affirm.

## I.    BACKGROUND

On the evening of April 26, 2007, Walking Eagle went to Rick's Bar in McLaughlin, South Dakota, and attempted to sell DVDs to the bar owner, Rick Hettich (Hettich). Hettich declined, and Walking Eagle left the bar. Throughout the evening, Walking Eagle repeatedly returned to the bar, attempting to sell DVDs to the bar patrons to get money for alcohol. Walking Eagle did not purchase any alcohol but attempted to drink beer from other patrons' pitchers. At one point, Hettich asked Walking Eagle to leave because Walking Eagle was becoming a nuisance.

The last time Walking Eagle went into the bar that night, he got into a confrontation with two men, and Hettich escorted him outside. Walking Eagle did not leave, and, instead, began harassing the men from the doorway. The two men, along with a bartender and other patrons, went outside to confront Walking Eagle, and Walking Eagle responded by brandishing a four-inch buck knife. One of the patrons went back inside the bar and said, "[H]e's going to stab somebody!" Hettich requested everyone, other than Walking Eagle, to come back inside. When Hettich went outside to unhook a chain from the door to close the bar, Walking Eagle stabbed Hettich in the back with the knife.

Walking Eagle attempted to flee but was restrained by two of the bar patrons. A McLaughlin police officer arrested Walking Eagle and transported him to a detention facility in Fort Yates, North Dakota. Authorities noted Walking Eagle was highly intoxicated at the time of the incident. An ambulance transported Hettich to a hospital, where the knife was surgically removed from his back.

On May 23, 2007, a grand jury returned a two-count indictment against Walking Eagle, charging him with (1) assault with a deadly weapon in violation of 18

U.S.C. §§ 113(a)(3) and 1153, and (2) assault resulting in serious bodily harm in violation of 18 U.S.C. §§ 113(a)(6) and 1153. On March 20, 2008, Walking Eagle, pursuant to a plea agreement, entered a plea of guilty to Count I of the indictment.[2]

Walking Eagle's sentencing hearing took place on June 23, 2008. The presentence investigation report (PSR) calculated a total offense level of 20 and a criminal history category of IV. Based upon Walking Eagle's offense level and criminal history category, the advisory United States Sentencing Guidelines (Guidelines or U.S.S.G) range was 51 to 63 months imprisonment. See U.S.S.G. § 5 Sentencing Table.

The district court determined Walking Eagle's criminal history category IV "substantially underrepresent[ed] . . . the seriousness of his criminal history" and "substantially underrepresent[ed] the likelihood that he will commit other crimes and other crimes of violence." Pursuant to U.S.S.G. § 4A1.3, the district court found a criminal history category of VI would be more appropriate based on Walking Eagle's history, and because the highest criminal history category is VI, the district court "depart[ed] vertically" to an offense level of 21. Based on Walking Eagle's adjusted criminal history category of VI and his adjusted offense level of 21, the advisory Guidelines range was 77 to 96 months imprisonment. The district court sentenced Walking Eagle to 96 months imprisonment and 3 years supervised release. Walking Eagle appeals his sentence, arguing the district court (1) committed procedural error by failing to explain adequately a basis to support the upward departure, and (2) imposed a substantively unreasonable sentence.

---

[2]In exchange for Walking Eagle's guilty plea, the government agreed to dismiss Count II of the indictment.

## II. DISCUSSION

### A. Upward Departure

Walking Eagle contends the district court "committed significant procedural errors by failing to explain the upward departure adequately." A district court commits procedural error by "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, __ U.S. __, 128 S. Ct. 586, 597 (2007). "A district court's departure from the advisory guidelines is reviewed for abuse of discretion." United States v. Miller, 484 F.3d 968, 970 (8th Cir. 2007) (citing United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005)). The government, however, suggests we should review Walking Eagle's objection on appeal for plain error, because Walking Eagle did not object at sentencing to the district court's explanation for its sentence.

Our court has previously held, when a defendant fails to "object at sentencing to the adequacy of the district court's explanation or consideration of [18 U.S.C.] § 3553(a)," we must review the objection on appeal for plain error. United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008) (citing United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008)); see also United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008) ("If a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." (citations omitted)). The rationale of reviewing for plain error under these circumstances is that without an objection at sentencing, "the district court had no opportunity to clarify its comments or to correct any potential error in the first instance." United States v. M.R.M., 513 F.3d 866, 870 (8th Cir. 2008), cert. denied, 129 S. Ct. 171 (2008). This reasoning applies to Walking Eagle's objection to the adequacy of the district court's explanation for the upward departure, which the district court easily could have addressed upon timely objection. We conclude the district court committed no procedural error, plain or otherwise, in departing upward.

"Upward departures under § 4A1.3(a) are applicable if 'reliable information indicates [that] the defendant's criminal history category substantially

under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.'" United States v. Mosby, 543 F.3d 438, 441-42 (8th Cir. 2008) (quoting U.S.S.G. § 4A1.3(a)(1)). "When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history." United States v. Hacker, 450 F.3d 808, 812 (8th Cir. 2006) (citing United States v. Gonzales-Ortega, 346 F.3d 800, 802 (8th Cir. 2003)). "In deciding the likelihood that a defendant may commit other crimes, a court may 'take into account any "evidence of obvious incorrigibility"' and 'conclude that . . . leniency has not been effective.'" United States v. Herr, 202 F.3d 1014, 1016 (8th Cir. 2000) (quoting United States v. Goings, 200 F.3d 539, 542 (8th Cir. 2000)).

"To impose an upward departure," the district court "first must proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category." United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993) (citations omitted). "This process does not 'require a ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects en route to the category that it selects.'" United States v. Azure, 536 F.3d 922, 931 (8th Cir. 2008) (quoting Day, 998 F.2d at 625). If the district court reaches Category VI, which is the highest criminal history category, but determines "the Guidelines range is still inadequate, it may impose a reasonable sentence above the Category VI range." Day, 998 F.2d at 625. See U.S.S.G. § 4A1.3(a)(4)(B).

At the sentencing hearing, the district court recited Walking Eagle's lengthy criminal history. The court noted six of Walking Eagle's seven criminal history points resulted from assault convictions. The court discussed Walking Eagle's various tribal court convictions, for which no criminal history points were assessed. These convictions included simple assault, multiple assault and batteries, communicating threats, and assaulting an officer. Next, the court addressed Walking Eagle's 1991 federal court conviction in North Carolina for assault by striking, and his 1997 federal

court conviction in North Carolina for assault with a dangerous weapon and assault resulting in serious bodily injury. In both instances, Walking Eagle violated the terms of his probation or supervised release. The court outlined Walking Eagle's 2003-2004 convictions in Sioux Falls, South Dakota, for disorderly conduct, consumption of alcohol in a public place, domestic violence, and simple assault. The court also noted Walking Eagle has several children he has never supported, and he has a criminal record in Montana. At one point, Walking Eagle was ordered to leave the State of Montana after he assaulted a police officer in Billings.

The district court related how Walking Eagle had been disciplined while in prison for "possession of drug paraphernalia, use of drugs, possessing intoxicants, refusing a Breathalyzer, and assault resulting in serious injury." The court concluded, "It would appear . . . the defendant has learned almost nothing from the previous time that he has spent in custody. I believe that he is very dangerous to the public, especially when he is drinking alcohol or using drugs, and he does have a history of illegal substances as well."

The district court then explained its rationale for departing upward, stating,

> Now, under the Federal Sentencing Guidelines with a criminal history category of [IV] and a total offense level of 20, his range of custody is 51 to 63 months. If he had had convictions for various types of fraud, he . . . would have wound up with the same criminal history category, to say nothing of these assaults, but these assaults tell the Court that he is a very dangerous person and has been at this for quite sometime.

> And I find that his criminal history of [IV] significantly underrepresents—substantially underrepresents, rather, the seriousness of his criminal history, and it also substantially underrepresents the likelihood that he will commit other crimes and other crimes of violence.

I find that his criminal history category would more appropriately be a [VI] . . . .

. . . .

. . . The Court is required then, since there is no higher criminal history category [than VI], to then depart vertically, and I do that to an offense level of 21, which has a range of 77 to 96 months. And I'm going to sentence him to 96 months of custody and place him on supervised release for 3 years . . . .

After reviewing the record, we are satisfied the district court considered the appropriate factors and persuasively gave an adequate explanation for its decision to impose an upward departure. "Although the district court did not specifically mention that it had considered each intermediate criminal history category, its findings were adequate to explain and support the departure in this particular case." United States v. Collins, 104 F.3d 143, 145 (8th Cir. 1997). We agree with the district court that Walking Eagle's criminal history record indicates Walking Eagle is dangerous to others with a strong likelihood he will commit future crimes. The district court committed no procedural error, much less plain error, in increasing Walking Eagle's criminal history category from IV to VI and increasing his offense level from 20 to 21.

## B.    18 U.S.C. § 3553(a) Factors

Walking Eagle next contends the district court committed procedural error in failing to give adequate consideration to the 18 U.S.C. § 3553(a) sentencing factors.[3]

---

[3]Although Walking Eagle discusses the district court's alleged failure to consider adequately the § 3553(a) factors under the substantive reasonableness portion of his brief, we construe this discussion to be an allegation of procedural error. See Gall, 128 S. Ct. at 597 (stating procedural error occurs when a district court fails "to consider the § 3553(a) factors").

Walking Eagle claims the district court "erred in not giving adequate consideration to the history and characteristics of" Walking Eagle, including the sexual and physical abuse he suffered and witnessed as a child, his alcohol dependence, and his mental health disorders. For the reasons stated previously, we review Walking Eagle's objection for plain error because Walking Eagle did not "object at sentencing to the adequacy of the district court's explanation or consideration of [18 U.S.C.] § 3553(a)." Gray, 533 F.3d at 945 (citing Perkins, 526 F.3d at 1111).

We do not require a district court "to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." United States v. Little Hawk, 449 F.3d 837, 840 (8th Cir. 2006) (internal citations omitted).

At sentencing, Walking Eagle's counsel discussed Walking Eagle's diagnoses of alcohol dependence, antisocial personality disorder, posttraumatic stress disorder, panic disorder, and major depression, and Walking Eagle's physical and sexual abuse as a child. The district court noted, Walking Eagle "has been diagnosed with an antisocial personality disorder. At three years of age, his maternal grandfather was giving him moonshine, which shows the type of environment that he grew up in." The district court also told Walking Eagle, "Your history of substance abuse indicates that you would be an excellent candidate for the Bureau of Prisons substance abuse treatment program."

We conclude the district court committed no plain error and was aware of and gave adequate consideration to Walking Eagle's history and characteristics pursuant to 18 U.S.C. § 3553(a). The district court did not procedurally err in sentencing Walking Eagle.

## C.    Substantive Reasonableness

Because we have determined the district court committed no procedural error, our "sole remaining role is to consider the substantive reasonableness of the sentence under an abuse-of-discretion standard, one that eliminates from the process of appellate review the appellate court's own view of what sentence would have been appropriate." United States v. Bueno, 549 F.3d 1176, 1181 (8th Cir. 2008) (citing Gall, 128 S. Ct. at 597).  Walking Eagle claims the district court's sentence was greater than necessary to accomplish the goals of sentencing.  Our review of the record satisfies us the district court did not abuse its discretion, and the sentence is not substantively unreasonable.

## III.   CONCLUSION

We affirm Walking Eagle's sentence and the district court's judgment.

_____