# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2387

_____

United States of America,

        Appellee,

v.

Paul Stanley Bradshaw,
also known as Swan,

        Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of North Dakota.

[UNPUBLISHED]

_____

Submitted: May 14, 2010
Filed: July 30, 2010

_____

Before RILEY, Chief Judge, LOKEN and MURPHY, Circuit Judges.

_____

PER CURIAM.

A jury found Paul Stanley Bradshaw guilty of two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1] Bradshaw, a career offender, had an offense level of 34, a criminal history category of VI, and an advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) range of 262

_____

[1] The jury acquitted Bradshaw of a third count of distributing cocaine base. Bradshaw and three other defendants were also charged with one count of conspiracy to possess with intent to distribute cocaine base, but that count was dismissed as to Bradshaw before the trial.

to 327 months imprisonment.  See U.S.S.G. § 4B1.1(b).  The district court[2] varied downward from the Guidelines and sentenced Bradshaw to 200 months imprisonment.

On appeal, Bradshaw argues his below-Guidelines sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). Bradshaw also insists the district court did not adequately explain why Bradshaw's sentence was longer than his co-defendant, Anthony Walker, who was sentenced to 176 months imprisonment after pleading guilty to conspiracy to distribute a controlled substance.

Because Bradshaw did not object to the adequacy of the district court's explanation at sentencing, we review for plain error.  See United States v. Statman, 604 F.3d 529, 534 (8th Cir. 2010).  To establish plain error, Bradshaw must show (1) an error (2) that is clear or obvious (3) which affects his substantial rights and (4) "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  Puckett v. United States, 556 U.S. __, __, 129 S. Ct. 1423, 1429 (2009) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).  In arriving at Bradshaw's sentence, the district court discussed the relevant 18 U.S.C. § 3553(a) factors and determined a below-Guidelines sentence was appropriate.  The district court reasoned Bradshaw deserved a higher sentence than Walker, even though Walker pled guilty to a conspiracy charge, because Walker (1) had diminished mental capacity, (2) was manipulated by his family into engaging in drug trafficking, (3) pled guilty, and (4) cooperated with the government.  According to the district court, Bradshaw's conduct was "more egregious" than Walker's because Bradshaw was a bright and capable person with good mental functioning.  We find no error, plain or otherwise, in the district court's explanation for Bradshaw's sentence.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("[W]e do not require

---

[2]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

a district court to provide a mechanical recitation of the § 3553(a) factors when determining a sentence." (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009))); see also Rita v. United States, 551 U.S. 338, 358-59 (2007).

Having found no procedural error, we next consider the substantive reasonableness of Bradshaw's sentence. "[G]iv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" Bradshaw's sentence, Gall v. United States, 552 U.S. 38, 51 (2007), our careful review of the record and Bradshaw's sentence reveals no abuse of the district court's considerable sentencing discretion and no basis for concluding Bradshaw's sentence, which is 62 months below the low end of Bradshaw's advisory Guidelines range, is substantively unreasonable.

We affirm the district court's judgment.

_____