# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3063

_____

United States of America,      *

     *

     Plaintiff - Appellee,      *

     *    Appeal from the United States

     v.      *    District Court for the

     *    Eastern District of Arkansas.

Vincent Sharnee Johnson,      *

     *

     Defendant - Appellant.      *

_____

Submitted: February 14, 2011
Filed: August 11, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Vincent Sharnee Johnson pleaded guilty to armed bank robbery and brandishing a firearm during a crime of violence. The district court[1] sentenced Johnson to a total of 272 months' imprisonment. Johnson appeals his sentence, arguing that the district court erred in imposing an upward departure. We affirm.

_____

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

## I. Background

On July 21, 2006, Johnson entered a Little Rock, Arkansas bank wearing a wig, hat, and sunglasses. Upon entering the bank, Johnson reached into a bag he was carrying, pulled out a firearm, and ordered everyone in the bank to the ground. After warning that he had a grenade in his bag, Johnson approached the bank tellers' stations, removed cash from multiple money drawers, and then fled the bank. Officers later arrested Johnson at a Little Rock residence where they found over $10,000 in cash, a smoke bomb, handcuffs, a bag, a wig, hats, sunglasses, and a firearm.

On September 5, 2006, a grand jury indicted Johnson for armed robbery ("Count 1"), in violation of 18 U.S.C. § 2113(a) and (d), brandishing a firearm during a crime of violence ("Count 2"), in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm ("Count 3"), in violation of 18 U.S.C. § 922(g)(1). On September 25, 2008, Johnson agreed to plead guilty to Counts 1 and 2 in exchange for a dismissal of Count 3.

The district court sentenced Johnson on August 25, 2009. The court found that the base offense level for Count 1 was twenty. The court enhanced this offense level by five because Johnson took property from a financial institution, took more than $10,000, and physically restrained employees and customers while committing the robbery. The court reduced the offense level by two based on Johnson's acceptance of responsibility. Thus, the total offense level for Count 1 was twenty-three.

Johnson's presentence investigation report ("PSR") indicated that he had been convicted of serious criminal offenses on two prior occasions. In 1980, Johnson was convicted of one count of bank robbery and one count of bank robbery by "putting life in jeopardy by use of a dangerous weapon." Johnson was sentenced to twelve years' imprisonment on these offenses and was initially paroled in 1984. In 1985, however, Johnson was convicted of one count of robbery and one count of robbery of a carrier.

Johnson was sentenced to over eight years' imprisonment on these offenses. Johnson's last parole date on the sentence for his 1980 convictions was February 19, 1992, and his last parole date on the sentence for his 1985 convictions was December 14, 1990.

The district court assigned Johnson three criminal-history points for the sentence that he served on his 1980 convictions. However, since Johnson's last parole date on the sentence that he served for his 1985 convictions was more than fifteen years prior to committing the offenses at issue in this case, the court did not assign Johnson any criminal-history points for that conviction. See U.S.S.G. § 4A1.2(e)(1). Johnson's three criminal-history points resulted in a criminal-history category II.

With a criminal-history category II and a total offense level of twenty-three, the court initially determined that Johnson's advisory guideline sentencing range on Count 1 was 51–63 months. The court found, however, that Johnson's criminal-history category under-represented his criminal history. Accordingly, stating that it was "departing upward," the court imposed a sentence of 188 months' imprisonment on Count 1. Pursuant to statutory mandate, the court also imposed 84 months' imprisonment on Count 2 to be served consecutively with Johnson's sentence on Count 1. See 18 U.S.C. § 924(c). Johnson's total sentence of imprisonment, therefore, was 272 months.

## II. Discussion

Johnson argues that the district court erred in imposing an upward departure for his sentence on Count 1.[2] Pursuant to U.S.S.G. § 4A1.3(a)(1), a district court may

---

[2] Johnson, who is represented by counsel, has submitted a pro se supplemental brief. "It is typically not our practice to consider pro se arguments where the defendant is represented by counsel . . . ." United States v. Moore, 481 F.3d 1113, 1114 n.2 (8th Cir. 2007). "Nevertheless, we have considered the arguments raised in [Johnson's] pro se brief[], and we conclude that they are uniformly without merit." United States v. Williams, 599 F.3d 831, 834 n.3 (8th Cir. 2010).

impose an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." "We review the court's decision to depart upward for an abuse of discretion." United States v. Shillingstad, 632 F.3d 1031, 1037 (8th Cir. 2011).

Johnson first argues that the district court erred in determining that his criminal-history category under-represented his criminal history. The district court determined that Johnson's criminal-history category under-represented his criminal history because U.S.S.G. § 4A1.2(e) prevented the court from assigning Johnson any criminal-history points for the sentence that Johnson served on his 1985 convictions. Thus, although the sentence that Johnson served on his 1980 convictions increased Johnson's criminal-history category, the sentence that Johnson served on his 1985 convictions did not. Essentially, Johnson argues that if § 4A1.2(e) prohibits the use of a remote sentence for purposes of determining a defendant's criminal-history category under U.S.S.G. § 4A1.1, the district court should not be able to use the sentence to conclude that a defendant's criminal-history category under-represents his criminal history for purposes of § 4A1.3(a)(1).

Our court has rejected Johnson's argument. We have noted that when considering whether a defendant's criminal-history category under-represents a defendant's criminal history, "the court may consider prior sentences 'not used in computing the criminal history category.'" Shillingstad, 632 F.3d at 1037 (quoting § 4A1.3(a)(2)(a)). Additionally, the guidelines specifically provide that if a defendant's prior sentence is too remote to merit criminal-history points pursuant to § 4A1.2(e), the court may consider this sentence "in determining whether an upward departure is warranted under § 4A1.3" if the sentence is "evidence of similar, or serious dissimilar, criminal conduct." § 4A1.2(e) cmt. n.8; see United States v. Harlan, 368 F.3d 870, 875 (8th Cir. 2004); United States v. Agee, 333 F.3d 864, 867 (8th Cir. 2003). In this case, since Johnson's 1985 convictions involved robbery, which is similar to the

offense that Johnson committed in this case, the district court had a proper basis for concluding that Johnson's criminal-history category under-represented his criminal history for purposes of § 4A1.3.

Next, Johnson argues that even if the district court had a proper basis for determining that his criminal-history category under-represented his criminal history, the district court failed to adequately explain its reasons for imposing an upward departure.[3] We have stated that when a district court imposes an upward departure under § 4A1.3(a)(1), the court "first must proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category." United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir. 2009) (internal quotation marks omitted). "If the district court reaches Category VI, which is the highest criminal history category, but determines the Guidelines range is still inadequate, it may impose a reasonable sentence above the Category VI range." Id. (internal quotation marks omitted). We have also stated, however, that "[t]his process does not require a ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects in route to the category it selects." Id. (internal quotation marks omitted).

---

[3] Johnson also argues that the district court ignored United States v. Haack, 403 F.3d 997 (8th Cir. 2005). Haack instructs that "in determining an appropriate sentence, the district court ordinarily should determine first the appropriate guideline range, then decide if the guidelines permit a traditional departure, and finally determine whether the [18 U.S.C.] § 3553(a) factors justify a variance from this guidelines sentence." United States v. Mireles, 617 F.3d 1009, 1012 (8th Cir. 2010) (internal quotation marks omitted). Johnson contends that the district court "did not follow the above outlined procedure." We disagree. The sentencing-hearing transcript indicates that the court properly calculated Johnson's guideline range and then decided that the guidelines permitted a traditional departure.

Although the district court's explanation was not extensive, we find it adequately explained the district court's rationale for the sentence imposed. At sentencing, the court stated:

> I'm also aware of the serious criminal history that this defendant has displayed over his lifetime. He is not a young man anymore. . . .
>
> The Court finds that because [Johnson] has had a lifetime of committing serious offenses including robberies, that the presentence report does not adequately reflect his criminal history. Had he been released from the [sentence on the 1985 convictions] only seven months later, he would be a career offender. The Court, therefore, is going to depart upward on Count 1. The Court is aware that the career offender provision is such that he could be sentenced, I believe, to a term of 210 to 262 months; however, this defendant does have some health problems, he has spent a long time in pretrial detention largely because of his own decisions. He does have some psychological problems and, therefore, the Court will sentence him to a term of 188 months on Count 1. Again, I'm departing upward on the basis that the criminal history category is not adequately presented by the calculation of the guidelines.

The sentencing-hearing transcript suggests that the court compared Johnson's criminal history with that of an offender who had a criminal history identical to Johnson's but who had been released from the sentence on his 1985 convictions on or after July 21, 1991.[4] In making this comparison, however, the court at no point "proceed[ed] along the criminal history axis of the sentencing matrix." Walking Eagle, 553 F.3d at 657 (internal quotation marks omitted). That is, the court compared Johnson's criminal history with that of a career offender, but the court never compared Johnson's criminal

_____

[4] Had Johnson been released from the sentence on his 1985 convictions on or after July 21, 1991 (rather than on December 14, 1990), Johnson would have been subject to the guidelines' career-offender provisions. See U.S.S.G. § 4B1.1. These provisions would have increased Johnson's criminal-history category from II to VI, increased the total offense level for Count 1 from twenty-three to thirty-two, and increased Johnson's guideline range to 210–262 months.

history with the less-serious criminal histories of non-career offenders. However, we have noted that a district court's explanation of an upward departure may be sufficient even when the court did not "specifically mention that it had considered each intermediate criminal history category." Id. (internal quotation marks omitted). In the circumstances of this case, we think the district court's discussion of the career-offender guidelines "provide[s] sufficient indicia of why the intermediary categories are inappropriate." United States v. Azure, 536 F.3d 922, 932 (8th Cir. 2008). Consequently, we find no error in the court's explanation of its upward departure.

Johnson finally contends that the extent of the district court's upward departure is unreasonable. We disagree. In imposing the 125-month upward departure, the court permissibly noted that Johnson's criminal history was comparable to a career offender's, who would have had a guideline range of 210–262 months. United States v. Adams, 401 F.3d 886, 896–97 (8th Cir. 2005) (noting that a district court may permissibly consider "the career offender range as an indicator of a reasonable sentence" (internal quotation marks omitted)); see also United States v. Myers, 589 F.3d 117, 125–26 (4th Cir. 2009) (affirming a district court's use of remote sentences to impose an upward departure to a sentence *within* a career-offender guideline range); United States v. Gardner, 905 F.2d 1432, 1439 (10th Cir. 1990) (same); but see United States v. Schultz, 14 F.3d 1093, 1101–02 (6th Cir. 1994) (suggesting that a court should not use remote sentences to impose an upward departure to sentence the defendant as if he were a career offender). The court did not actually sentence Johnson as if he were a career offender, however. Instead, the court imposed a sentence twenty-two months below a potential career-offender guideline range. See United States v. Flores, 336 F.3d 760, 765 (8th Cir. 2003) (affirming a district court's upward departure where the court considered what the defendant's career-offender guideline range would have been but then ultimately imposed a sentence that was twenty-seven months below this range).

Moreover, the district court imposed a sentence of 188 months' imprisonment after considering factors besides the career-offender guideline range. The court noted that Johnson was "not a young man anymore" and that his two prior convictions—like the present one—involved robbery. These facts indicated that Johnson's recidivism warranted a longer sentence. See Shillingstad, 632 F.3d at 1037 (noting that "repeated offenses of a similar nature indicate a heightened need for deterrence" (internal quotation marks omitted)); United States v. Gonzales, 573 F.3d 600, 606 (8th Cir. 2009) ("A defendant's recidivism is a reasonable basis for applying an upward departure."). On the other hand, the court noted that Johnson had physical- and mental-health problems and had spent a significant amount of time in pre-trial detention. Thus, the court considered multiple factors that warranted a lengthier sentence and multiple factors that warranted a shorter sentence. On the whole, we believe these factors justified the court's selection of a 188-month sentence on Count 1. Consequently, the court did not abuse its discretion by imposing an upward departure of 125 months.

## III. Conclusion

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____