# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1377

_____

United States of America,            \*

\*

     Appellee,            \*

                             \*   Appeal from the United States

   v.                   \*   District Court for the

                             \*   Northern District of Iowa.

Larry Huston,               \*

                             \*   [UNPUBLISHED]

     Appellant.           \*

_____

Submitted:  November 14, 2011
Filed:  January 30, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Larry Huston pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] departed upward from the United States Sentencing Guidelines (Guidelines or U.S.S.G.) range and sentenced Huston to 78 months' imprisonment. Huston appeals his sentence, and we affirm.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

## I.

On December 7, 2008, a police officer saw Huston carrying a camouflage gun case. The officer recognized Huston and suspected that he might be a felon. Later, after the officer had confirmed his suspicion, Huston was questioned at the police station and consented to a search of his residence. Police found three firearms during the search. Huston mistakenly believed his gun rights had been restored, along with his voting rights. Huston pled guilty to being a felon in possession of a firearm.

The presentence report calculated Huston's offense level to be 19 and placed him in criminal history category V. The advisory Guidelines sentencing range was 57 to 71 months' imprisonment. At the sentencing hearing, the government argued for an upward departure based on Huston's unscored criminal history, under U.S.S.G. § 4A1.3. Huston argued for a downward variance. Specifically, Huston argued that the following facts supported a downward variance: his belief that his gun rights had been restored; the fact that he had guns only for hunting; his efforts to assist in rebuilding after Hurricane Katrina in New Orleans, Louisiana, and flooding in Cedar Rapids, Iowa; and the 18 years that had elapsed between his conviction for burglary, a violent felony, and his current conviction. The district court departed upward one criminal history category, placing Huston in criminal history category VI. The Guidelines range was then 63 to 78 months' imprisonment, and the district court sentenced Huston to a 78-month term of imprisonment. Huston argues that the district court's decision to depart upward, as well as its decision to deny his request for a downward variance, was in error.

## II.

We review the district court's decision to impose an upward departure for abuse of discretion. United States v. Johnson, 648 F.3d 940, 942 (8th Cir. 2011). "[A] district court may impose an upward departure 'if reliable information indicates

that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.'" Id. (quoting U.S.S.G. § 4A1.3(a)(1)). "When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history." United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir. 2009) (quoting United States v. Hacker, 450 F.3d 808, 812 (8th Cir. 2006)).

Huston had been assessed twelve criminal history points, placing him in criminal history category V. The court noted that "there is substantial unscored criminal history," including conspiracy to commit burglary, operating a motor vehicle without the owner's consent, forgery, theft, escape from custody, and public intoxication. The court concluded:

> I think Mr. Teig's point about unscored criminal history is a substantial argument. I find that his criminal history is underscored. I find that he has a high likelihood to recidivate based on his prior criminal history, his alcohol issues that he has not come to grips with, his unwillingness to conform his behavior to court orders or to authority, lenient sentences and treatments have not deterred him, and his apparent disrespect for the law.

Sentencing Tr. 19-20.

We conclude that the district court did not abuse its discretion in departing upward in this case. A decision to depart upward may constitute an abuse of discretion when, for example, the district court departs upward multiple levels without sufficient explanation. See, e.g., United States v. Azure, 536 F.3d 922, 932 (8th Cir. 2008). Here, in contrast, the district court departed upward only one level after explaining that the defendant's unscored criminal history led the court to believe that he was likely to recidivate. Huston's criminal history, as he admits, is "lengthy"

and "substantial." Sentencing Tr. 9. The decision to depart upward was reasonable, supported by the record, and within the district court's discretion.

Huston also argues that because the district court denied his request for a downward variance his resulting sentence is substantively unreasonable. "We will not reverse a sentence as substantively unreasonable absent a showing of abuse of discretion by the district court." United States v. San-Miguel, 634 F.3d 471, 475 (8th Cir. 2011). "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment . . . ." Id. (quoting United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007)).

Huston contends that the district court did not give enough weight to mitigating factors and over-emphasized his older criminal history rather than focusing on his more recent criminal history. We disagree. The sentencing transcript demonstrates that the district court was well aware of the circumstances surrounding Huston's firearm possession, including his mistaken belief that his gun rights had been restored and his full criminal history. That the district court's evaluation of these facts resulted in a sentence different from that which Huston had hoped for does not constitute an abuse of discretion. "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). This is not that case.

III.

The judgment and sentence are affirmed.

_____