# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3711

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Augustus Keith Mobley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 17, 2016
Filed: October 28, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and BENTON, Circuit Judges.

_____

PER CURIAM.

Dennis Augustus Keith Mobley pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The

district court[1] sentenced him to 60 months' imprisonment.  Mobley appeals, arguing that the district court failed to adequately explain its reasons for imposing an upward departure.  We affirm.

In early 2014, a joint task force began investigating a gang known as the 10z gang, which had been involved in illegal firearms possession and other crimes in Minneapolis, Minnesota, and was engaged in a violent feud with a rival gang.  On March 6, 2015, during the course of the investigation, officers received information that Mobley was in possession of a firearm.  At the time, Mobley was a felon prohibited from possessing firearms and was awaiting sentencing on a state felony conviction for aiding an offender.  Specifically, Mobley had driven the get-away vehicle for an individual who had fired six rounds into two vehicles occupied by both adults and children and who later pleaded guilty to attempted murder.  Officers found five individually wrapped bags of cocaine in the get-away vehicle.

On March 6, officers located Mobley while he was driving a vehicle.  The officers initiated a traffic stop, pursued Mobley on foot when he fled the vehicle, and eventually apprehended him.  Mobley told the officers that gang members were upset with him for a shooting incident.  The officers found in Mobley's vehicle a loaded .40 caliber, semiautomatic pistol with a round in the chamber and rounds in the magazine.

Mobley's presentence report (PSR) set forth his lengthy criminal history, which included several juvenile adjudications, numerous misdemeanors, and the following four adult felony convictions:  first-degree property damage, being a prohibited person in possession of a firearm, third-degree drug possession, and the aiding-an-offender offense set forth above.  The first offense occurred in December 2010, when Mobley pointed a gun at his brother (whose daughter was nearby) and broke the side windows

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

of his brother's two cars. The second offense occurred a few months later. An officer tried to initiate a traffic stop after Mobley drove through a red light. Mobley sped away and later fled on foot, discarding a loaded .25 caliber handgun as he ran. After being apprehended, Mobley admitted that he was a member of the 10z gang and said that he was being chased by members of a rival gang. While the first two cases were pending, Mobley was arrested for possession of cocaine and ecstasy. Mobley pleaded guilty to the three felonies and served concurrent sentences. He was released from prison in December 2013, following which he committed the aiding-an-offender offense in August 2014.

The PSR determined that Mobley's total offense level was 12, that his criminal history category was VI, and that his advisory sentencing range under the U.S. Sentencing Guidelines Manual (U.S.S.G. or Guidelines) was 30 to 37 months' imprisonment. The government's sentencing memorandum argued that a criminal history category of VI substantially under-represented Mobley's criminal history, primarily because it failed to take into account the violent and dangerous nature of Mobley's offense conduct for aiding an offender. The government requested an upward departure under U.S.S.G. § 4A1.3(a), suggesting that Mobley's offense level be increased by 5 and that the district court impose a sentence at the top of the adjusted advisory Guidelines range of 51 to 63 months' imprisonment. Alternatively, the government argued that the district court should vary upward to a 63-month sentence.

Before imposing sentence, the district court discussed Mobley's extensive criminal history, noting that "[t]he basic themes are guns . . . and drugs." The district court did not state that it was applying an upward departure under U.S.S.G. § 4A1.3(a), but indicated that a sentence within the advisory Guidelines range would be "a real understatement . . . of what the right sentence is here" and thereafter imposed a 60-month sentence. The district court indicated in its post-sentencing

statement of reasons that it had departed from the advisory Guidelines range on the basis of § 4A1.3(a), criminal history inadequacy.

Mobley argues that the district court failed to explain its reasons for imposing an upward departure.[2]  Because Mobley did not object to the district court's explanation, we review for plain error.  See United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir. 2009) (reviewing the adequacy of a district court's explanation of its reasons for imposing an upward departure for plain error because defendant had failed to object and thus "the district court had no opportunity to clarify its comments or to correct any potential error in the first instance" (quoting United States v. M.R.M., 513 F.3d 866, 870 (8th Cir. 2008))).

Guidelines § 4A1.3(a)(1) permits an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes."  We have said that when a district court imposes an upward departure under § 4A1.3(a)(1), it "first must proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category."  United States v. Johnson, 648 F.3d 940, 943 (8th Cir. 2011) (quoting Walking Eagle, 553 F.3d at 657).  In cases like this one, in which the defendant's criminal history places him in category VI, a district court may nevertheless impose an upward departure under § 4A1.3(a) if a departure is warranted by the extent and nature of the defendant's criminal history.  See U.S.S.G. § 4A1.3(a)(4)(B).  In such cases, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal

---

[2]Mobley also argued that the district court improperly relied on his criminal history when it varied above the advisory Guidelines range and that his sentence is substantively unreasonable because the district court gave significant weight to the improper factor of Mobley's criminal history.  The district court applied an upward departure based on U.S.S.G. § 4A1.3(a), however; it did not impose a variance.

History Category VI until it finds a guideline range appropriate to the case." Id. Although the procedure set forth in our case law and the Guidelines might suggest otherwise, "[t]his process does not 'require a ritualistic exercise in which the sentencing court mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects.'" Walking Eagle, 553 F.3d at 657 (quoting United States v. Azure, 536 F.3d 922, 931 (8th Cir. 2008)).

We find no plain error in the district court's explanation of its decision to depart upward. The district court noted that Mobley had taken "a very difficult road with respect to the criminal justice system," with all of his adult felony offenses involving guns and drugs. The district court discussed each those offenses, finding special significance in the circumstances of Mobley's aiding-an-offender offense. After taking into account Mobley's extensive criminal history, the repeated nature of his drug- and firearm-related offenses, and the fact that Mobley committed the federal offense while awaiting sentencing on a state offense that involved aiding an offender who committed attempted murder, the district court ultimately departed upward, because "[t]he guidelines [we]re not quite right" and because "the guidelines [we]re a real understatement of . . . what the right sentence is here."

We conclude that the district court's otherwise adequate explanation of departing upward was not undercut by its lack of mention that it had moved incrementally down the sentencing table to find the appropriate advisory Guidelines range. See Walking Eagle, 553 F.3d at 658 ("Although the district court did not specifically mention that it had considered each intermediate criminal history category, its findings were adequate to explain and support the departure in this particular case." (quoting United States v. Collins, 104 F.3d 143, 145 (8th Cir. 1997))).

Mobley also argues that the district court failed to justify the imposition of a 5-offense-level upward departure. Mobley relies on several of our cases that were decided at a time when we reversed district courts for imposing sentences outside the advisory Guidelines range in the absence of what we considered to be a justification for the extent of deviation. For example, we required that any "extraordinary reduction . . . be supported by extraordinary circumstances." See, e.g., United States v. Likens, 464 F.3d 823, 825 (8th Cir. 2006) (citing United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005)). We were then told by the Supreme Court that the "rule requiring 'proportional' justifications for departures from the Guidelines range is not consistent with [the Court's] remedial opinion in United States v. Booker, 543 U.S. 220 (2005)." Gall v. United States, 552 U.S. 38, 46 (2007). In the present case, the district court provided sufficient justification for the upward departure and imposed a substantively reasonable sentence. See Johnson, 648 F.3d at 944 (holding that the district court's explanation of its decision to impose an upward departure provided "sufficient indicia of why the intermediary categories [were] inappropriate" (quoting Azure, 536 F.3d at 932)).

The sentence is affirmed.

_____