United States Court of Appeals

For the Eighth Circuit

_____

No. 16-3283

_____

United States of America

*Plaintiff - Appellee*

v.

Samuel F. Irvin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: June 5, 2017
Filed: June 23, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Samuel Irvin pled guilty to one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1]

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

sentenced him to 84 months imprisonment. Irvin appeals, arguing that the district court imposed a substantively unreasonable sentence. We affirm.

During an argument with a neighbor in October 2013, Irvin brandished a knife in a parking lot before returning to his apartment. From there, he pointed a shotgun in a threatening manner toward the neighbor as he walked by his window. After police were called, they obtained a search warrant for Irvin's apartment. Although the officers did not recover a firearm during their search, they did find .22 caliber ammunition. Irvin was charged with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and he pled guilty.

After the district court calculated an initial advisory guideline range for Irvin (57 to 71 months), it concluded that his criminal history was underrepresented and that a departure was warranted based on his prior conviction for assaulting a correctional officer. Although that conviction was too old to count toward Irvin's criminal history, he would have had a "more appropriate" advisory guideline range of 70 to 87 months if it had in fact received criminal history points. After considering the 18 U.S.C. § 3553(a) factors, the court sentenced him to 84 months imprisonment.

We review the reasonableness of the sentence for abuse of discretion. United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009). A defendant's "sentence is substantively unreasonable if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)).

Irvin argues that the district court abused its discretion by placing too much weight on his prior conviction for assaulting a correctional officer. A court may depart upward if a defendant's "criminal history category substantially under-represents

the seriousness" of his criminal history or the likelihood that he would commit other crimes. U.S.S.G. § 4A1.3(a)(1). In considering criminal history, the court may take notice of prior sentences too remote in time to receive criminal history points but which show "similar, or serious dissimilar, criminal conduct." United States v. Johnson, 648 F.3d 940, 943 (8th Cir. 2011) (quoting U.S.S.G. § 4A1.2(e) cmt. n.8). Irvin's conviction for unlawfully possessing ammunition arose from an incident in which he assaulted a neighbor by brandishing a knife and pointing a firearm in a threatening manner. His prior conviction for assaulting a correctional officer evidenced similar and serious assaultive conduct, so the district court acted within its discretion by considering and giving appropriate weight to it in determining that Irvin's criminal history category underrepresented his criminal history.

Irvin also argues that the district court failed adequately to weigh his mitigating evidence, particularly the testimony of his former employer regarding his head injury and work ethic. The record demonstrates, however, that the district court did consider this mitigating evidence. The court described the former employer's testimony as "impressive." In light of that testimony, it decided to give Irvin a shorter sentence than initially anticipated. The district court acted well within its discretion in declining to give Irvin's mitigating evidence more weight than it did, particularly given its concerns about his assaultive criminal history. See United States v. Salazar-Aleman, 741 F.3d 878, 881–82 (8th Cir. 2013) (concluding that sentence was not substantively unreasonable when district court had acknowledged mitigating evidence). We conclude that the district court's sentence was not substantively unreasonable.

Accordingly, we affirm the judgment of the district court.

_____

-3-