# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-3015

———————————————

United States of America

*Plaintiff - Appellee*

v.

Marlon Deshone Quarles

*Defendant - Appellant*

———————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

———————————

Submitted: September 25, 2018
Filed: November 19, 2018
[Unpublished]

———————————

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

———————————

PER CURIAM.

Marlon Deshone Quarles pleaded guilty to burglarizing a pharmacy and possessing Oxycodone, Morphine, and Oxycontin with intent to distribute. The

district court[1] imposed a within-Guidelines-range sentence of 188 months' imprisonment. Quarles appeals, arguing the district court committed procedural error by failing to consider relevant factors. He also argues his sentence is substantively unreasonable. We affirm.

Quarles spent a substantial portion of his adult life in prison or on some form of parole or supervised release. His extensive criminal history, spanning 1991 to 2015, includes prior convictions for bank robbery, aggravated robbery, grand theft, and multiple drug offenses. The unobjected-to paragraphs of the presentence investigation report ("PSR") describe a criminal history score of 30, placing him in criminal history category VI. Moreover, he was sentenced as a career offender, also establishing a category VI criminal history.

Approximately five years prior to committing the instant offenses, Quarles developed an addiction to opiates. His more recent criminal history appears to be related, at least in part, to his drug addiction. Quarles asserts he developed his addiction after taking painkillers associated with medical treatment.

At the time of sentencing in this case, Quarles had just recently undergone spinal surgery. In fact, he was wearing a neck brace at his sentencing, and the district court inquired specifically as to his medical status. Quarles described to the court his recent surgery, referenced an upcoming surgery, and reported bulging disks that required replacement.

The district court, consistent with the PSR, determined Quarles's advisory Guidelines range was 151 to 188 months. Quarles requested a downward variance based on his drug dependency and spinal pain. The government requested a sentence

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

at the top of the advisory range. The district court focused primarily upon Quarles's criminal history and imposed a sentence of 188 months. The court specifically noted Quarles's recidivism and his repeated lack of success with parole, supervised release, and prison programs geared toward changing his ways.

On appeal, Quarles asserts as procedural error the district court's failure to consider his medical condition, drug dependency, and need for treatment. The record, however, contradicts Quarles's claim of procedural error. Quarles's drug addiction is readily apparent from the PSR, formed a basis of his attorney's arguments for a variance, and was the subject of Quarles's own colloquy with the court. The district court, moreover, expressly discussed medical issues with Quarles. The district court, therefore, plainly considered the 18 U.S.C. § 3553(a) sentencing factors including the exact facts that Quarles identifies. See United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009) ("We do not require a district court to provide a mechanical recitation of the § 3553(a) factors when determining a sentence." (citation omitted)).

Finally, we apply a rebuttable presumption of reasonableness to the district court's within-Guidelines-range sentence. See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014). Quarles presents no arguments sufficient to overcome this presumption. The district court acted well within its discretion when focusing on Quarles's extensive and serious criminal history and his pattern of recidivism. See id. ("[D]istrict courts are allowed 'wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" (quoting United States v. Maxwell, 664 F.3d 240, 247 (8th Cir. 2011))).

We affirm the judgment of the district court.[2]

------------------------------------------------

------------------------------------------------

[2]We deny Quarles's pending motion to file a pro se supplemental brief.